**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **QUACK'S 43RD ST. BAKERY, LLC** | § | |
| | § | **Case No. 24-11455** |
| **Debtor.** | § | |
| _____ | § | |
| | § | |
| **QUACK'S 43RD ST. BAKERY, LLC** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Adversary No. _____** |
| | § | |
| **vs.** | § | |
| | § | |
| **FORWARD FINANCING LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**ADVERSARY COMPLAINT TO AVOID LIEN**

Quack's 43rd St. Bakery, LLC, in its capacity as the Debtor ("Plaintiff") in the above-captioned bankruptcy case, by and through undersigned counsel, files this Adversary Complaint to Avoid Lien against Forward Financing LLC ("Defendant"), and pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. § 542(b), states as follows:

**PARTIES**

1.      Plaintiff is the Debtor and Debtor-in-Possession in a Subchapter V Chapter 11 bankruptcy case. On November 21, 2024 the ("Petition Date"), the Plaintiff filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), and elected to proceed pursuant to Subchapter V. Plaintiff may be served through undersigned counsel.

2.      Defendant is a foreign limited liability company and named creditor in the underlying bankruptcy case. Defendant may be served at 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

## JURISDICTION AND VENUE

3.        This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Rule 7001 because the claims and causes of action asserted in this Complaint arise in and under Title 11, and relate to the case filed under Title 11 and pending in the United States Bankruptcy Court for the Western District of Texas, Austin Division, under Case No. 24-11455.

4.        Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5.        The claims and causes of action set forth herein concern estate property under 11 U.S.C. § 544. Accordingly, this adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)(E). Plaintiff consents to entry of a final judgment by this Court.

## BACKGROUND

6.        On or about April 11, 2024, Plaintiff and Defendant entered into a merchant cash advance agreement. Under the agreement, Defendant allegedly purchased future receivables of the Plaintiff.  *See Exhibit A.*

7.        On November 12, 2024, Defendant filed a UCC Financing Statement with the Texas Secretary of State, claiming a blanket lien on Debtor's assets. *See Exhibit B.*

8.        On November 21, 2024 Debtor filed its voluntary petition for bankruptcy in this Court.

## CAUSE OF ACTION

### A.        Avoidance Pursuant to 11 U.S.C. §547

9.        Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

10.        On November 12, 2024, less than 90 days prior to the Petition Date, Defendant filed its UCC lien with the Secretary of State.

11.        The creation and perfection of this blanket lien constituted a transfer of an interest in the Debtor's property ("Transfer").

12.        The Transfer was to or for the benefit of a creditor, the Defendant.

13.     The Transfer was for or on account of antecedent debt.

14.     The Transfer was made while Debtor was insolvent. Plaintiff is entitled to a presumption of insolvency for the Transfer because it was made during the 90 days prior to the Petition Date. See 11 USC § 547(f).

15.     The Transfer would enable Defendant to receive more than it would otherwise receive if the Transfer had not been made and the case had proceeded under Chapter 7. More specifically, if the Transfer had not occurred, Defendant's lien would have been unperfected. See 11 U.S.C. §544(a).

## PRAYER FOR RELIEF

Plaintiff asks this Court to avoid the Transfer and perfection of the UCC lien filed with the Secretary of State in Texas, and declare the lien null and void. Plaintiff further prays for any other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE LANE LAW FIRM, PLLC
*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No 24091592
Joshua.gordon@lanelaw.com
A. Zachary Casas
State Bar No. 24097469
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
PROPOSED COUNSEL FOR DEBTOR
COUNSEL FOR PLAINTIFF